Levy
 
 obtained a rule to show cause, why a bouse which bad been delivered to the plaintiffs on a
 
 liberari facias,
 
 that issued in tbis cause, should not now be surrendered to tbe vendee of tbe defendant, upon bis bringing into court, the principal, interest and costs.
 

 
 *80
 
 On the 9th of August,
 
 Lewis
 
 and
 
 Sergeant
 
 showed cause, and the rule was discharged; The Court being unwilling to go into the matter in a summary mode, upon mere motion, and expressing their dislike of the
 
 ampliare jurisdictionem.
 
 The principal question was, therefore, left undetermined.
 

 (a)
 

 (a)
 

 This motion was made when house-rent was rising very rapidly, and the defendant’s house, in the present instance, was extended at a very moderate valuation; the residue of the term was, therefore, a great object to both parties. I have not heard, however, of any other attempt being made by the defendant; but, I think, the court recommended the
 
 scire facias ad
 
 computandum, which issues in England, where tenant by
 
 elegit
 
 holds over, after being satisfied for debt and costs.
 
 [1]
 
 In Wall
 
 v.
 
 Lloyd, 1 S. & R. 320, it was held, that the valuation by the inquest was not conclusive upon the plaintiff, where the land was taken out of his hands by a subsequent execution, before
 
 *81
 
 his debt was satisfied, but that he was to account for the real profits, that is, such as he might have made with reasonable care and diligence. Whether the court could interfere, when the plaintiff retained possession during the term, was said by C. J. Tilghman, never to have been decided; but Judge Yeates seemed to think, that he would be concluded by the inquest (p. 325-6.) See the note at p. 62, &c., of 1 Sm. Laws.
 

 [1]
 

 A
 
 scire facias ad computandum
 
 may issue, on presentation of an affidavit, showing a
 
 prima fade
 
 case of satisfaction. Scofield
 
 v.
 
 Harbeson, 9 Phila. 38.